Bertrand v. Garland

BIA
Montante, IJ
A077 889 197

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two.

PRESENT:
>RICHARD C. WESLEY,
>SUSAN L. CARNEY,
>>*Circuit Judges.*\*

———————————————————

ESPERANCE BERTRAND,
>*Petitioner*,

>v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

———————————————————

20-119(L),
20-4063(Con)

NAC

| FOR PETITIONER: | Robert F. Graziano, Esq., Tonawanda, NY. |
| --- | --- |
| FOR RESPONDENT: | Brian M. Boynton, Acting Assistant Attorney General, Civil Division; John S. Hogan, Assistant |

———————————————————

\* Judge Robert A. Katzmann, originally assigned to this panel, has since died. The remaining two judges, being in agreement, have decided the matter. *See* 2d Cir. IOP E(b).

Director, Office of Immigration Litigation; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in 20-119(L) is DENIED and the petition for review in 20-4063(Con) is DENIED in part and DISMISSED in part.

Petitioner Esperance Bertrand, a native and citizen of Haiti, seeks review of (1) a November 23, 2020 decision of the BIA denying his motion to reopen, *In re Esperance Bertrand*, No. A077 889 197 (B.I.A. Nov. 23, 2020), and (2) a December 31, 2019 decision of the BIA affirming an August 5, 2019 decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"), *In re Esperance Bertrand,* No. A077 889 197 (B.I.A. Dec. 31, 2019), *aff'g* No. A077 889 197 (Immig. Ct. Batavia Aug. 5, 2019). We denied a request for stay of removal, Dkt. No. 54 (May 18, 2020), and we are advised that Petitioner has been removed. We assume the parties' familiarity with the underlying facts and procedural history.

## A. 20-119(L), Order of Removal

Because the BIA's decision "closely tracks the IJ's reasoning," we have "review[ed] the IJ's and the BIA's decisions together," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), excluding from our review any grounds that the BIA explicitly rejected, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). On review, we will uphold the BIA's factual findings if they are supported by substantial evidence, affording particular deference to the IJ's credibility findings. *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4).

### Withholding of Removal

To establish eligibility for withholding of removal, an applicant must show past persecution or a likelihood of future persecution on account "of the [applicant's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment,"

3

to provide a cognizable basis for the claim, *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

The agency did not err in finding that Bertrand failed to establish that his experiences in Haiti in the early 1990s constituted persecution on account of his political opinion. Bertrand's claim rested on his testimony regarding a 1991 threat made to him by Chrisner Desholmes, a local military "section chief" for a group known as the Association Progressive of Laroche ("APL"). He reported that Desholmes directed him to stop holding meetings. He also recounted a 1994 incident in which Desholmes, whom Bertrand had opposed as section chief, and other men tied up Bertrand's relatives while looking for Bertrand and "shot up" their house, as Bertrand testified his father had later reported to him. Pet'r's Br. at 14. The unfulfilled threat did not, on its own, amount to persecution. *See Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412–13 (2d Cir. 2006).

In some circumstances, an applicant may demonstrate persecution by relying on an instance in which a family member was harmed as a means of targeting him on a protected ground. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). We identify no error here, however, in the agency's conclusion

4

that the evidence Bertrand submitted does not sufficiently establish his claim. First, he provided only secondhand evidence of the alleged attack, and second, even that evidence gives no basis for attributing the attack to any specific actors, much less suggest a specific covered motive. More was required to overcome the IJ's reasonable determination that Bertrand's account of this serious event was, in the absence of independent corroboration, not reliable enough to support his claim for withholding of removal.

Nor did the agency err in finding speculative (and therefore deficient) Bertrand's claim that, if removed, he will likely suffer future persecution on account of his political opinion. Bertrand left Haiti in 1994; he was not thereafter active in politics; he provided no information about the position (if any) now held by in the Haitian government by Desholmes; and his sister's vague statement to the police that unidentified "armed criminals" were targeting Bertrand was insufficient to corroborate his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). The IJ also reasonably questioned the weight fairly owed to testimony about Desholmes's alleged reappearance in recent times, and Bertrand's sister's statement and complaint, because the

5

statement and asserted reappearance occurred soon after Bertrand was notified of the agency's intent to reinstate his removal order. *See Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). Because the agency reasonably found Bertrand's testimony unpersuasive and the proffered corroborating evidence insufficient, we identify no error in its conclusion that Bertrand failed to establish a likelihood of future persecution on account of his political opinion. *See* 8 U.S.C. § 1231(b)(3)(A); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

Because Bertrand failed to establish past persecution or a likelihood of future persecution on account of his political opinion, the agency did not err in denying withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(2).[1]

Due Process

Bertrand argues that the IJ exhibited bias and acted in

---

[1] On this petition for review, Bertrand does not challenge the

6

violation of his due process rights by (1) initially rejecting his application for withholding of removal and CAT relief as untimely; (2) relying on *Matter of Pula*, 19 I. & N. Dec. 467 (BIA 1987), when that case related only to asylum; (3) misstating the date on which Bertrand left Haiti; and (4) failing to identify the years of issuance of the State Department reports of which the IJ took administrative notice.

On appeal to the BIA, Bertrand raised each of these arguments in substance. We therefore deem them exhausted and amenable to review. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005) (noting that "a petitioner is [not] limited to the exact contours of his argument below"). Nevertheless, Bertrand's due process claims fail because he did not show any related prejudice. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).

---

agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (stating that petitioner abandons claim by not raising it in his brief) and so we do not address it further.

Bertrand's application was ultimately considered notwithstanding any timeliness issues; the IJ acknowledged that *Matter of Pula* related to asylum only and cited the decision simply to note Bertrand's prior disregard for immigration laws, which it did not rely on in resolving his claim; the misstated date related to a credibility finding that the BIA did not rely on in its dismissal of Bertrand's appeal; and the IJ relied on the historical record created by past State Department reports rather than on a report for a specific year, so its failure to identify the reports' years of issuance caused no harm.  Because Bertrand has not shown that he was prejudiced by any of these alleged errors, he has not established a due process violation.[2]

**B.  20-4063(Con), Motion to Reconsider and Reopen**

We review denial of motions to reconsider and to reopen for abuse of discretion and determination related to country conditions for substantial evidence.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69, 173 (2d Cir. 2008).

As the BIA found, Bertrand's June 2020 motion was

---

[2] Even assuming prejudicial error, these mistakes, without more, do not demonstrate bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

untimely because it was filed more than five months after the BIA issued its December 2019 order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B) (providing 30-day filing deadline for motions to reconsider), (7)(C)(i) (providing 90-day deadline for motions to reopen). The statute provides no exceptions to the time limitation for reconsideration motions, *see* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b), and, as discussed below, Bertrand did not establish a material change in conditions in Haiti as required to excuse him from complying with the deadline for motions to reopen, *see* § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Bertrand alleged the occurrence of a change material to his eligibility for relief arising from his sister's report that Desholmes recently looked for him and attacked his nephew. The BIA reasonably declined to credit related statements from Bertrand's sister and nephew, however, because the statements were unsworn, were written by interested parties, were strikingly similar, and were not accompanied by evidence that they were mailed from Haiti. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's

9

documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse in China); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (reiterating "the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned" (internal quotation marks omitted)). Bertrand's remaining evidence—a July 2019 report of a politically motivated massacre in Haiti—did not provide a basis for reopening or demonstrate changed conditions because he had previously submitted it to the IJ. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring new or previously unavailable evidence of changed conditions); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

We therefore deny the consolidated petitions. In sum, Bertrand failed to timely file his motion to reconsider or to establish a material change in country conditions that would excuse his untimely filing of his motion to reopen. *See* 8

10

U.S.C. § 1229a(c)(6)(B), (7)(C).  We dismiss the petition in remaining part because we lack jurisdiction to review the agency's "entirely discretionary" decision to decline to reopen proceedings *sua sponte*.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review in 20-119(L) is DENIED, the petition for review in 20-4063(Con) is DENIED in part and DISMISSED in part, and the motion for in forma pauperis status in 20-4063(Con) is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

11